NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4336
_____

UNITED STATES OF AMERICA

v.

JAMES EDWARD CLARK,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00508-001)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2011

Before:  RENDELL, BARRY and CHAGARES, Circuit Judges

(Opinion Filed March 24, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant James Edward Clark was convicted by a jury of one count of

attempting to manufacture and possess with intent to distribute fifty grams or more

of methamphetamine in violation of 21 U.S.C. § 846, and one count of possession

of a listed chemical with intent to manufacture methamphetamine in violation of

21 U.S.C. § 841(c)(1). Clark had agreed with a confidential informant ("CI") to manufacture and distribute crystal methamphetamine. Clark supplied the CI with what Clark believed to be the necessary chemicals from which the CI, if compliant, would have manufactured crystal methamphetamine. Later, the CI arranged for a reverse sting, during which Clark made an exchange with the CI for what Clark thought was crystal methamphetamine, but was not. As a result, Clark was sentenced to 360 months on count one, and 240 months on count two, to be served concurrently. On appeal, Clark raises multiple issues relating to his suppression motion, his conviction, and his sentence. We will affirm.

Suppression of Statements

Clark challenges, on two separate bases, the District Court's denial of his motion to suppress statements he made during a custodial interrogation. Clark contends that the *Miranda* warnings he received were insufficient and, alternatively, that there was insufficient evidence for the District Court to find that he knowingly and voluntarily waived his *Miranda* rights. We exercise plenary review over the sufficiency of the warnings. *United States v. Cruz*, 910 F.2d 1072, 1078 (3d Cir. 1990). We also exercise plenary review over the ultimate question of the voluntariness of a *Miranda* waiver, "although we review the historical facts supporting that conclusion for clear error." *United States v. Pruden*, 398 F.3d 241, 245-46 (3d Cir. 2005). The *Miranda* warnings given to Clark were sufficient and there was no evidence supporting a lack of voluntariness of his waiver of rights.

2

We find no merit to either of Clark's contentions, and we affirm the District Court's denial of his motion to suppress.

## Sufficiency of the Evidence

Clark challenges the District Court's denial of his motion for a judgment of acquittal based on the insufficiency of the evidence. We review for plain error because Clark failed to renew his motion after he presented his case, and he also failed to make a timely motion after the jury returned its verdict. *United States v. Wright-Barker*, 784 F.2d 161, 170 (3d Cir. 1986). Clark argues that there is not enough evidence to prove he intended to produce methamphetamine because the substance he provided to the informant was incapable of being turned into methamphetamine. Impossibility, however, is not a defense to attempt. *United States v. Everett*, 700 F.2d 900, 908 (3d Cir. 1983). We find no plain error.

## Admission of Other Act Evidence

Clark challenges the admission of Rule 404(b) "other act" evidence, which revealed that he and the CI had previously participated in a methamphetamine cook together, contending that the evidence failed to pass muster under the Rule 403 balancing test. We review a district court's evidentiary rulings for abuse of discretion. *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir.1997). The District Court found that the evidence clarified the relationship between Clark and the CI, and was relevant to Clark's intent in dealing with the CI in relation to the current charges. The Court gave appropriate limiting instructions to the jury. We find no abuse of discretion.

<u>Sentencing</u>

Clark levels multiple challenges to the validity of the sentence imposed by the District Court. First, Clark challenges the Court's authority to make factual findings during a sentencing hearing without the aid of a jury; however, because the sentence imposed by the Court did not exceed the statutory maximum, the Court was free to make factual findings based on a preponderance of the evidence.[1] *United States v. Grier*, 475 F.3d 556, 565-66 (3d Cir. 2007) (en banc). In the alternative, Clark challenges the sufficiency of the evidence underlying the Court's factual findings regarding the obstruction of justice enhancement and the drug quantity used in calculating his offense level. We review Clark's challenge to the finding that he obstructed justice for plain error because he raises it for the first time on appeal. *United States v. Olano,* 507 U.S. 725, 731-32 (1993). We find no plain error.

We review Clark's challenge to the finding of the drug quantity for clear error. *United States v. Yeung*, 241 F.3d 321, 322 (3d Cir. 2001). Where there is no drug seizure, the sentencing judge is to approximate the quantity of the controlled substance. U.S.S.G. § 2D1.1 app. note 12. Additionally, in a reverse sting, the agreed-upon quantity of the controlled substance more accurately reflects the scale of the offense . *Id.*. Here, the evidence shows that Clark received one package represented to be about one pound of methamphetamine,

---

[1] Under 21 U.S.C. § 841(b)(1)(A)(viii), the statutory maximum sentence Clark can receive is life imprisonment.

4

and that Clark then requested and provided "ephedrine" for two additional pounds of methamphetamine. We find no clear error.

Finally, Clark challenges his sentence as unreasonable. We review the sentence for both procedural and substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). "[W]e assess unreasonableness under the abuse-of-discretion standard." *Id.* at 564. Here, the District Court correctly calculated the Guidelines range, it did not treat the guidelines as mandatory, it considered all of the applicable § 3553(a) factors, it did not base the sentence on clearly erroneous facts, and it adequately explained the chosen sentence. It is, therefore, a procedurally reasonable sentence. Additionally, in the totality of the circumstances, the imposition of a sentence at the low end of the Guidelines range was substantively reasonable. We find that the District Court did not abuse its discretion in imposing this sentence.

In light of the above, we will affirm Clark's convictions and sentence.